Cite as 2021 Ark. App. 188

# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV

**No.** CV–20–163

| | |
|---|---|
| JIM R. NASH<br><br>APPELLANT<br><br>V.<br><br>JOHN NASH, JR., AND PAM GLOVER NASH<br><br>APPELLEES | **Opinion Delivered** April 28, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION<br>[NO. 60PR–17–1141]<br><br>HONORABLE CATHLEEN V. COMPTON, JUDGE<br><br>REVERSED AND REMANDED |

## BRANDON J. HARRISON, Chief Judge

Jim R. Nash appeals the circuit court's order allowing final distribution of Norma Nash's estate and finding that his claim against the estate was resolved by res judicata in a related civil case. He argues that the circuit court erred in (1) dismissing his entire claim in probate court without a hearing, (2) relying on the doctrine of res judicata, and (3) denying his motion to recuse. We agree with his first argument and reverse and remand for further proceedings.

In an appeal that involved prior litigation between the parties, this court explained some of the factual history behind this case:

> Appellant [Jim Nash] performed legal services for his brother, John R. Nash, Sr., for many years. These services included representation in administrative and regulatory matters and in the sale of a convenience store and a warehouse, as well as attempts to sell a liquor store owned by John R. Nash, Sr. According to appellant, he had an oral agreement with his brother to provide legal services on an as-needed basis and a "pay when you can" basis. After John R. Nash, Sr., died in April 2012, his widow, Norma Nash, informed appellant that his services were no longer required. A small estate proceeding was opened

for John R. Nash, Sr., and appellant filed a claim against his estate for unpaid legal work.

Appellant subsequently sued Norma in April 2015 both individually and as trustee of the Norma Nash Living Trust (the trust). Appellant alleged in his complaint a breach-of-contract claim that Norma was transferring almost all her assets, including the liquor store, to the trust as a fraudulent transfer to defeat any claims against her husband's estate. The complaint also asserted claims for specific performance and tortious interference with a business expectancy. A discovery dispute arose, and appellant filed a motion to compel and a request for sanctions. However, Norma died on February 28, 2016.

A notice of suggestion of death was filed on March 22, 2016. Appellant filed a motion asking the circuit court to appoint both John R. Nash, Jr., (Nash Jr.) and Pam Glover as special administrators to represent Norma's estate and her trust. The trust responded to the motion, asserting that no probate proceedings had been opened and that no one had been appointed to succeed Norma. On May 18, 2016, the circuit court entered an order holding appellant's motions to compel and for sanctions in abeyance and directing appellant to file a substituted complaint to "include the proper parties to substitute for Defendant Norma Nash, now deceased, and any other proper parties to this action[.]" The order also stated that the amended complaint to be filed would satisfy the requirements of Rule 25 and other statutory requirements for revivor and substitution of parties.

Appellant filed an amended complaint on May 27. The complaint named as defendants Nash Jr. and Glover, individually and as cotrustees of the trust and as coadministrators of Norma's estate. Norma was still listed in the complaint both individually and as trustee. The complaint incorporated the allegations contained in the original complaint and asserted four causes of action—breach of contract, imposition of a constructive trust, and two counts alleging interference with a contract and business expectancy.

On June 24, Nash Jr. and Glover answered the amended complaint. They denied that any personal representatives or special administrators had been appointed for Norma's estate. On July 26, the circuit court entered an order prepared by the attorney for Nash Jr. and Glover dismissing appellant's claims against Norma in her individual capacity because no substitution had been entered within ninety days of the suggestion of death as required by Arkansas Code Annotated section 28-50-102 (Repl. 2012).

On August 2, appellant filed a motion to vacate the dismissal order. He alleged that the dismissal was made without a dismissal motion having been filed. He also recited that no probate proceedings had been initiated for Norma's estate.

2

Appellant filed an amended and supplemental complaint on September 9. Nash Jr. and Glover answered individually and as cotrustees of Norma's trust. However, they specifically denied that a special administrator had been appointed for Norma's estate.

On February 27, 2017, appellant filed another amended complaint keeping the same parties named as in the first amended complaint and adding Lyle and Perry [Norma and Nash, Sr.'s two other children] as defendants "for Norma Nash, deceased."

A two-day jury trial was held on June 7 and 8, 2017. The jury returned verdicts in favor of "Defendants, Norma Nash and her substitutes and heirs" on the issues of breach of contract, unjust enrichment, and interference with business expectancy.

*Nash v. Nash* (*Nash I*), 2019 Ark. App. 173, at 1–5, 574 S.W.3d 171, 174–75, *reh'g denied* (Apr. 17, 2019), *cert. denied*, 140 S. Ct. 536 (2019). This court affirmed the circuit court's order in March 2019.

The day after the jury trial ended, Glover and Nash, Jr. petitioned for Norma's will to be admitted to probate and requested that they be named coexecutors of Norma's estate. On September 6, 2017, the court convened a hearing, admitted the will to probate, and named Glover and Nash, Jr. as coexecutors. Jim was given notice of the hearing but did not appear.

In February 2018, Jim filed a claim against the estate and argued that he was owed at least $85,000 in compensation for legal work. He also claimed an interest in a ring that had belonged to his and Nash, Sr.'s father and Nash Sr.'s coin collection. Glover and Nash, Jr. responded that Jim's claims were identical to those pursued in the previous litigation (the civil case), which had resulted in a verdict in favor of the estate. Thus, Jim was barred by res judicata, collateral estoppel, and the statute of limitations.

In June 2019, the circuit court authorized a partial distribution of the estate, reserving $100,000 to pay any claim decided in Jim's favor. In July 2019, Glover and Nash, Jr. petitioned for final distribution, asserting that pursuant to the circuit court's August 2018 order, Jim's claim against the estate was resolved by res judicata on 20 June 2019, when the Arkansas Supreme Court denied review of the civil case on appeal. The circuit court agreed and granted authority for final distribution on 18 November 2019. Jim filed a timely notice of appeal from this order. Jim also moved pursuant to Ark. R. Civ. P. 60 (2019) to vacate or modify the order, claiming miscarriage of justice and constructive fraud. He also asserted that the circuit court had entered the final order without holding a hearing. He later amended his notice of appeal to include the deemed denial of his Rule 60 motion.[1]

We review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *In re Guardianship of E.M.R.*, 2019 Ark. 116, 571 S.W.3d 15. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.* Furthermore, while we will not overturn the circuit court's factual determinations unless they are clearly erroneous, we are free during a de novo review to reach a different result required by the law. *Hetman v. Schwade*, 2009 Ark. 302, 317 S.W.3d 559.

Jim first argues that the circuit court erred in entering a final order without holding a hearing pursuant to Ark. Code Ann. § 28-50-105(a)(3) (Repl. 2019), which states,

---

[1]Because Jim's motion was filed within ten days of the order, the deemed-denied provision applies. *See Miller v. Moore*, 2017 Ark. App. 619, 535 S.W.3d 651 (explaining that a Rule 60 motion filed within ten days of a final order falls under the deemed-denied provision of Ark. R. App. P. –Civ. 4(b)(1)).

4

A claim which has been disapproved or not acted upon by the personal representative shall be set by rule or order of the court for a hearing on a day certain, and notice of the hearing shall be given by the clerk to the personal representative, to the claimant, and to other persons, if any, as the court may direct.

The court had scheduled a hearing on Jim's claim in the probate case for April 9, 2019, but it was postponed pending the resolution of the civil case on appeal. In the civil case, Jim petitioned the U.S. Supreme Court for review, but the day that petition was denied, November 18, the court entered the order dismissing his entire claim without resetting the postponed hearing.

We agree that it is reversible error to not hold a hearing on a claim against an estate. *See Foster v. Hatfield*, 2013 Ark. App. 169 (reversing circuit court's order to an estate to pay a claim against the estate without holding a hearing). We therefore reverse and remand for the circuit court to hold the statutorily required hearing. Given this disposition, we express no opinions on any other point that Nash argued in this appeal.

Reversed and remanded.

VIRDEN, GLADWIN, WHITEAKER, and HIXSON, JJ., agree.

BROWN, J., dissents.

**WAYMOND M. BROWN, Judge, dissenting**. I respectfully dissent from the majority's opinion. Appellant's first point on appeal is composed of two main points: (1) that the circuit court erred by not holding the hearing required by Arkansas Code Annotated section 28-50-105(a)(3); and (2) that the circuit court abused its discretion by dismissing his entire probate claim on the basis of res judicata. The majority has held that the circuit court erred by not

granting the statutorily required hearing and has reversed and remanded on that basis. However, appellant's argument concerning the lack of a hearing is not preserved for our review.

We will not entertain new issues on appeal when the opportunity presented itself for them to be raised below, and that opportunity was not seized.[2] A party must object at the first opportunity to preserve an issue for appeal.[3] Here, the first opportunity for appellant to object to the circuit court's failure to hold the required hearing was in his posttrial motion to vacate or modify. His posttrial motion consisted of the following:

> 5. The hearing on the movant's claim in Third Division was initially scheduled for April 9, 2019, but was postponed at the request of defense counsel by letter to the court on April 3, 2019. A copy of the letter is attached as **Exhibit C**.

It is clear that appellant did not contend in the posttrial motion—as he does now—that the court erred by not holding the statutorily required hearing. Therefore, he should not be able to now raise the issue on appeal.

*Jim R. Nash*, pro se appellant.

*Ed Daniel IV, P.A.*, by: *Ed Daniel IV*, for appellees.

---

[2] *See Jones v. Jones*, 320 Ark. 449, 898 S.W.2d 23 (1995).

[3] *In re Estate of Smith*, 2020 Ark. App. 113, 597 S.W.3d 65.