Cite as 2025 Ark. App. 167

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-24-6

|  |  |
|---|---|
|  | Opinion Delivered March 12, 2025 |
| DOYLE HUNTER AND CONNIE HUNTER | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. 26PR-2023-283] |
| V. | HONORABLE LYNN WILLIAMS, JUDGE |
| THE ESTATE OF MARJORIE P. SPRINGSTON, DECEASED |  |
| APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellants Doyle Hunter (Doyle) and Connie Hunter (Connie) appeal after the Garland County Circuit Court filed an order in favor of appellee, the estate of Marjorie P. Springston (the Estate), granting the Estate's motion for an order compelling discovery, for protective order, and for sanctions. On appeal, appellants argue that (1) the circuit court lacked jurisdiction to award attorney's fees and costs as a sanction; and (2) the circuit court erred in awarding attorney's fees and costs as a sanction because the Estate's motion was procedurally defective since it lacked "a statement that the movant has in good faith conferred or attempted to confer" as required under Arkansas Rule of Civil Procedure 37(d). We disagree and affirm.

## I. *Relevant Facts*

After Marjorie P. Springston (Marjorie) died on April 3, 2023, Jacqueline M. Pordon (Jacqueline) filed a petition for probate of will and for appointment as personal representative on April 27, 2023. Marjorie's last will and testament was admitted, and Jacqueline was appointed to serve as executrix to administer Majorie's estate. In administering the estate, Jacqueline had Doyle and Connie served with subpoenas to appear for deposition and for production of documents for the purpose of discovering estate assets. Doyle and Connie were scheduled to appear for depositions on June 19, 2023, at 2:00 and 3:00, respectively. However, at the request of Mr. Kyle Tate, Doyle and Connie's attorney, depositions were postponed until July 13, 2023, for the same appearance times. Attorney Bryant Reis represented the Estate. On July 13, 2023, Doyle's deposition began at 1:49 p.m. After Doyle testified for approximately an hour, Mr. Tate announced that he was terminating the deposition at 3:00 p.m. Thereafter, Doyle left the deposition before Mr. Reis had finished asking all his questions. No further testimony was taken from either Doyle or Connie.

The Estate therefore filed a motion for an order compelling discovery, for protective order, and for sanctions on July 25, 2023. In the motion, Jacqueline, on behalf of the Estate, explained that in administering the estate, she learned that some of Marjorie's savings bonds had been removed from her safe deposit box and were redeemed. The proceeds, $345,433, were ultimately transferred to the Hunter Family Trust. She further explained that she knew Doyle and Connie were in a confidential relationship with Marjorie when the bonds were

redeemed and that they had a fiduciary duty not to self-deal. Accordingly, she explained that she had scheduled the depositions in order to fulfill her duties to recover estate assets and file an inventory. Because she was unable to complete the depositions, Jacqueline asked the circuit court to compel the resumption and completion of the depositions and to impose sanctions.

In the incorporated brief in support, Jacqueline argued on behalf of the Estate that Doyle had failed to comply with Arkansas Rule of Civil Procedure 30(d) when he unilaterally terminated the deposition without a court order. Quoting Rule 30(d)(3), Jacqueline argued the following: "If the court finds that any impediment, delay or other conduct has frustrated the fair examination of the deponent, it may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney fees incurred by any parties as a result thereof." She further stated that the supreme court in *Goodwin v. Harrison*, 300 Ark. 474, 780 S.W.2d 518 (1989), held that Arkansas Rule of Civil Procedure 37 provides for sanctions for the failure to make discovery and was broad enough to cover the circumstances in that case. The *Goodwin* court specifically held that the "unilateral termination of the depositions without a court order contravened Rule 30(d), and was wrong." *Goodwin*, 300 Ark. at 489, 780 S.W.2d at 525–26. Jacqueline argued that, as in *Goodwin*, monetary sanctions, including reasonable attorney's fees and costs, were appropriate in this case.

Several exhibits were attached in support of the motion, including a copy of the deposition testimony from July 13, 2023. According to the transcript from Doyle's deposition, the following colloquy is relevant:

MR. TATE:     Well, you've got about three minutes and this one is over.

MR. REIS:     You want to take a break before we go on?

MR. TATE:     No. You scheduled this at 2:00, and the next one's going to start at 3:00, so you're down to about two minutes.

MR. REIS:     It'll start when I'm finished.

MR. TATE:     No, it won't. This deposition will stop at 3:00 and you'll start the next one. I'm just telling you. That's what it says on the subpoena. We're not playing by your little rules that you're making up as we go along. Understood?

MR. REIS:     So you're leaving?

MR. TATE:     He's done in two minutes.

MR. REIS:     No, he's not .

MR. TATE:     Yes, he is. He sure is.

MR. REIS:     Okay, I'll re-subpoena him for –

MR. TATE:     You can do that. I'll move for a protective order.

MR. REIS:     That's good. That's -- I want to get this in front of a judge.

MR. TATE:     Yeah, I do, too. We'll make this subpoena part of the record, too, at the end of his deposition, which is over in about one minute.

. . . .

MR. TATE:     Okay, your time's up on this deposition, according to your own subpoena. I'm going to make this Exhibit Number 3 to the depo.

4

MR. REIS:     I just made it Exhibit 2.

MR. TATE:     The subpoena?

MR. REIS:     That's what Exhibit 2 is.

MR. TATE:     Well, you've got the affidavit of process with it.  But I'm going to make it Exhibit 3 to the deposition.  And also, Exhibit 3, Connie Hunter's reflecting that she starts at 3:00.  So you're done.

Doyle and Connie filed their response to the Estate's motion on August 8, 2023. They argued that the Estate's motion should be struck because it failed to include a statement that the movant has in good faith conferred or attempted to confer as required under Arkansas Rule of Civil Procedure 37, the motion should be denied because there was no reason to continue Hunter's deposition, the court should enter a protective order in favor of Doyle and Connie to prevent any further examination, and the motion should be denied because the Estate failed to argue any valid basis for the court to award sanctions.  However, Doyle and Connie's response failed to refute Jacqueline's argument that the court may impose upon the persons responsible an appropriate sanction, including the reasonable costs and attorney fees incurred by any parties as a result thereof pursuant to Arkansas Rule of Civil Procedure 30(d)(3).

Jacqueline filed a reply on August 14, 2023.  She argued on behalf of the Estate that the conferring-in-good-faith requirement under Rule 37 does not apply to a deposition and reiterated the previous arguments in her motion that sanctions under Rule 30(d) were appropriate.

5

On August 15, 2023, the circuit court filed a letter explaining that it was granting the Estate's motion and asked Mr. Reis to both provide an order with blanks for the court to insert the amount of attorney's fees and costs and simultaneously file an affidavit of attorney's fees and cost. Thereafter, on September 13, 2023, the circuit court filed an order granting the Estate's motion for an order compelling discovery, for protective order, and for sanctions. After outlining the factual and procedural history regarding the deposition as already discussed above, the circuit court stated the following:

7. Based on the statements and arguments of counsel in their briefs and based on the transcript of the deposition and the documents and exhibits, THE COURT FINDS AND ORDERS THE FOLLOWING:

a. The deposition of Doyle Hunter was scheduled by agreement of counsel after the service of a Notice of Deposition and Subpoena Duces Tecum. The deposition of Doyle Hunter began at approximately 2:00 p.m. and at approximately 3:00 p.m. the deposition was terminated by attorney Kyle Tate.

b. Rule 30(d)(2) of the Arkansas Rules of Civil Procedure provides that the court may by order limit the time permitted for the conduct of a deposition, but must allow additional time if needed for a fair examination of the deponent or if the deponent or another person impedes or delays the examination. Rule 30(d)(4) of the Arkansas Rules of Civil Procedure allows the deponent, upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent the court may provide relief by order. *The unilateral termination of the deposition of Doyle Hunter without a court order contravenes Rule 30(d) of the Rules of Civil Procedure and was wrong.* See Goodwin v. Harrison, 300 Ark. 474 (1989).

c. Rule 37 of the Arkansas Rules of Civil Procedure provides for sanctions for failure to make discovery. *Rule 37 is broad enough to apply to the circumstances presented in this case.* (*Goodwin, id.*).

d. The Motion of the Executrix for an Order Compelling Discovery, For Protective Order and For Sanctions is granted. Doyle Hunter is ordered to do the following:

6

i.      Within ten (10) calendar days of entry of this Order Hunter shall, through counsel, communicate to the Executrix five (5) days and times within forty-five (45) calendar days of this Order on which Doyle Hunter would appear at the same location for the resumption and completion of his deposition.

ii.     In the event the parties are unable to agree on a date and time, either party may seek further necessary orders by request to the Court.

iii.    The Executrix is awarded, attorney fees in the sum of $1,500.00 and costs in the sum of $150.00. Such amounts shall be paid by Hunter within thirty (30) calendar days of this Order.

iv.     The Motion of Connie Hunter through her attorney, to enter a Protective Order to the effect that Connie Hunter's deposition cannot be taken is denied. Through counsel, within ten (10) calendar days of this Order, Connie Hunter shall communicate to the Executrix five (5) days and times within forty-five (45) calendar days of this Order, on which she and her counsel are available for deposition.

v.      The Motion of the Executrix to exclude Connie Hunter from the deposition of Doyle Hunter is denied. Sequestration of witnesses is within the discretion of the Court. Connie Hunter was present during the deposition of Doyle Hunter and, when the deposition is resumed she may, at her option, remain in the deposition of Doyle Hunter. The Court reserves ruling on whether sequestration was appropriate, and any consequence to that, if or when this matter is litigated. In the event this matter is litigated, Connie Hunter may be a party to the litigation and her attendance at the deposition of Doyle Hunter would have been allowed. As such, the Motion is denied at this time.

(Emphasis added.) This appeal followed.

## II. *Standard of Review*

7

This court reviews probate proceedings de novo on the record, but we will not reverse the decision of the circuit court unless it is clearly erroneous. *In re Est. of Haverstick*, 2024 Ark. 17, 683 S.W.3d 167. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Nash v. Nash*, 2021 Ark. App. 188, 626 S.W.3d 106. Furthermore, while we will not overturn the circuit court's factual determinations unless they are clearly erroneous, we are free during a de novo review to reach a different result required by the law. *Id.* Similarly, in deciding matters or issues of law, our standard of review is de novo. *Kopaska v. McNeil*, 2024 Ark. App. 602, 703 S.W.3d 560.

III. *Jurisdiction*

Appellants argue for the first time on appeal that the circuit court lacked jurisdiction to award attorney's fees and costs as a sanction. While jurisdictional issues can be raised for the first time on appeal, the Arkansas Supreme Court has also explained that "it is only when the lower court lacks jurisdiction in any and all circumstances that the challenging party will be excused from objecting to the jurisdiction in the trial court." *Parker v. Sebourn*, 351 Ark. 453, 456, 95 S.W.3d 762, 763 (2003). Appellants cite *In re Estate of Kemp*, 2014 Ark. App. 160, 433 S.W.3d 911, in support of their argument. However, that case is distinguishable.

In *Kemp*, Bank of America, who served as a trustee of the decedent's revocable inter vivos trust before his death, argued on appeal that the probate court lacked jurisdiction over trust assets that the probate court had determined became part of the estate upon the decedent's death. We disagreed and explained that

8

[t]he constitution vested in the probate courts exclusive original jurisdiction "in matters relative to the probate of wills, the estates of deceased persons, executors, administrators, guardians, and persons of unsound mind and their estates, as is now vested in courts of probate, or may be hereafter prescribed by law." Ark. Const. art. 7, § 34, as amended by amend. 24, § 1; *Hilburn* [*v. First State Bank*, 259 Ark. 569, 572, 535 S.W.2d 810, 812 (1976)]. Thus, the probate court, in the exercise of its jurisdiction to administer the estates of decedents, is authorized to determine what property belongs to the estate.

*In re Est. of Kemp*, 2014 Ark. App. 160, at 6, 433 S.W.3d at 915. Bank of America additionally argued on appeal that the probate court lacked authority to award fees as a sanction pursuant to Arkansas Code Annotated section 28-52-103(c) (Repl. 2012) after Bank of America filed an improper accounting. We agreed that section 28-52-103(c) was inapplicable because Bank of America was not acting as the personal representative when it filed its first accounting that the court deemed improper. Therefore, we agreed with Bank of America that the probate court erred in awarding sanctions because there was no other authority for the probate court's award of attorney's fees to the heirs under the circumstances. However, those are not the circumstance here.

Here, the circuit court did not award sanctions pursuant to section 28-52-103(c). Rather, the circuit court awarded sanctions pursuant to Arkansas Rules of Civil Procedure 30 and 37. The Arkansas Rules of Civil Procedure apply "to all civil proceedings cognizable in the circuit courts of this state [including proceedings to probate a decedent's estate] except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure  in which event the procedure so specified shall apply." Ark. R. Civ. P. 81(a); *see Halbrook v. Roberson*, 2023 Ark. App. 202, 665 S.W.3d 268. In *Goodwin*,

300 Ark. 474, 780 S.W.2d 518, the supreme court held that the unilateral termination of a deposition without a court order contravened Rule 30(d) and that Rule 37, which permits sanctions for the failure to make discovery, was broad enough to cover the circumstances presented. Accordingly, the circuit court clearly had subject-matter jurisdiction in this matter, and we affirm on this point.

IV. *Sanctions*

Appellants also argue that the circuit court erred in awarding attorney's fees and costs as a sanction because the Estate's motion was procedurally defective since it lacked "a statement that the movant has in good faith conferred or attempted to confer" as required under Arkansas Rule of Civil Procedure 37(d). However, the circuit court's order does not address or include any ruling on appellants' procedural argument. Our courts have repeatedly held that a party's failure to obtain a ruling is a procedural bar to this court's consideration of the issue on appeal. *Paschal Heating & Air Conditioning Co. v. Zotti*, 2021 Ark. App. 372. Because this argument was not ruled on by the circuit court, it is not preserved for our review, and we accordingly must affirm. *Id.*

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*The Tate Firm, PLLC*, by: *Kyle P. Tate*, for appellants.

*Cox, Sterling, Vandiver & Botteicher, PLLC*, by: *David W. Sterling*, for appellee.

10